IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JEFFREY L. COLEMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : **1 : 19-CV-90 (TQL)** |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY, AN ILLINOIS | : |
| CORPORATION, and | : |
| TANISHA RENEE PABON, | : |
| | : |
| | : |
| Defendants. | : |

## ORDER

Presently pending herein is Defendants' Motion for Partial Summary Judgment. (Doc. 14). Jurisdiction arises under 28 U.S.C. § 1332. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. 636(c)(3).

## BACKGROUND

This is a personal injury action arising out of a motor vehicle accident that occurred on October 19, 2018. Plaintiff contends that Defendant Pabon, while operating a motor vehicle within the scope of her employment with State Farm Mutual Automobile Insurance Company, was negligent in failing to yield the right of way and failing to keep a proper lookout when she drove into the path of Plaintiff's vehicle at the intersection of [State Route] Georgia 520 and Fussell Road in Albany, Georgia. (Doc. 1-1). As a result of Defendant Pabon's alleged negligence, Plaintiff contends he suffered injuries to his low back and a fractured left wrist. *Id.*

Plaintiff contends that as result of Defendant Pabon's negligence and the resulting injury to Plaintiff's left wrist, he will require future surgery on his left wrist. *Id.* This action was originally filed in the Superior Court of Dougherty County, and removed to this Court on May 31, 2019. (Doc. 1).

## DISCUSSION

Defendants filed their Motion for Partial Summary Judgment contending that Plaintiff has failed to produce evidence to support his claim that the motor vehicle accident was the proximate cause of the injury to and the need for surgery on his left wrist. (Doc. 14-1). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

As the parties moving for partial summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case regarding the specific issue of causation raised by Defendants. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes

demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it.  Fed. R. Civ. P. 56(e)(3).  Defendants have supported their Motion for Partial Summary Judgment with the deposition testimony of Dr. Nurbhai, the expert report of Dr. Floyd, and the medical records reviewed by Dr. Floyd. (Docs. 14-3, 14-4, 14-6).

In Dr. Nurbhai's deposition testimony highlighted by Defendants, Dr. Nurbhai testifies that, as an orthopedic hand surgeon, he treated Plaintiff for wrist arthritis from a prior injury, or post-traumatic wrist arthritis. (Doc. 14-3, p. 8). Dr. Nurbhai stated that Plaintiff suffered from "an old fracture" in the form of a non-union scaphoid fracture. *Id.* at p. 9. When asked if the non-union scaphoid fracture existed prior to the October 19, 2018 motor vehicle accident at issue herein, Dr. Nurbhai responded "[m]ore than likely, yes", and that Plaintiff must have had some type of traumatic event that led to the scaphoid fracture. *Id.* at pp. 10, 12. Dr. Nurbhai stated that "[i]f the extent of the arthritis that was present on the x-rays that we have, on the date of the injury and onwards, if that was the case, then I expect some limitation of wrist motion [before the accident]. *Id.* at p. 15.

Defense counsel asked Dr. Nurbhai:

> Q:  . . . [W]ould [Plaintff] , in your opinion, have needed the surgery that you've recommended at some point in the future, whether he'd been involved in this motor vehicle accident or not?
>
> A:  That's correct.

*Id.* at p. 16.

5

Dr. Waldo Floyd, an orthopedic hand surgeon employed by Defendants to review Plaintiff's medical records and provide an expert report on Plaintiff's wrist injury, opined that

> [m]y opinion in regards to the patient's left wrist issue is that the patient at the time of the motor vehicular accident of October 19, 2018 had a long-standing nonunited left distal scaphoid fracture that had evolved to scaphoid nonunion advanced collapse with significant carpal derangement. My belief is that the patient had a history of trauma at some point in his life that was sufficient to fracture his left scaphoid.

(Doc. 14-4).

Defendants contend that the testimony of Drs. Nurbhai and Floyd establishes that there is no genuine issue of material fact as to the causation of Plaintiff's left wrist injury. Defendants maintain that the question of the proximate causation of Plaintiff's left wrist injury is a medical question that requires expert testimony, and is not within the common knowledge or experience of a jury. Defendants conclude that inasmuch as Plaintiff has not produced expert evidence in support of his claim that the motor vehicle accident was the proximate cause of his left wrist injury and the need for surgery thereon, Defendants are entitled to summary judgment on this issue.

In response to Defendants' Motion for Partial Summary Judgment, Plaintiff has submitted his affidavit, several witness affidavits, and an estimate of the cost of surgery for his left wrist. (Docs. 16-1 – 16-7).

In his affidavit, Plaintiff testifies that he never experienced pain in his left wrist prior to the October 2018 motor vehicle accident, that he had no pain in his left wrist throughout playing high school sports and work involving opening boxes and loading trucks, and that he did not injure his left wrist during his work. (Doc. 16-2, ¶¶ 2-4). The remainder of the affidavits

presented by Plaintiff in response to Defendants' Motion for Partial Summary Judgment are statements from Plaintiff's former co-workers, friends, and his wife, all of whom state that they never heard Plaintiff complain about left wrist pain prior to the October 2018 accident. (Docs. 16-3 – 16-8).

In response to Defendants' summary judgment motion, Plaintiff also relies on the deposition testimony of Dr. Nurbhai and the expert report of Dr. Floyd to argue that there are genuine issues of material fact regarding the causation of Plaintiff's wrist injury. Plaintiff points specifically to Dr. Nurbhai's deposition testimony that Plaintiff "probably had a prior trauma to . . . the wrist. A lot of times the scaphoid fractures are very subtle, some of these cannot be picked up acutely" but could lie dormant, and that Plaintiff did not give a prior history of wrist pain. (Doc. 14-2, pp. 12, 17). Plaintiff also points to Dr. Nurbhai's testimony that ". . . there's a category of wrist arthritis from trauma, prior trauma, that can remain asymptomatic, not have pain, and an injury, a subsequent injury, can trigger and . . . activate pain." *Id.* at p. 14. Plaintiff also points to Dr. Floyd's statement that "a jarring injury such as may occur when bracing oneself would result in increased left wrist pain . . . The accident could result in increased symptoms of left wrist pain". (Doc. 14-4).

Based on this evidence and the evidence of record, Plaintiff contends that there is adequate evidence in the record concerning causation to require presentation to a jury. Plaintiff maintains that the evidence of record shows that Plaintiff's wrist injury could be found by a jury to be an aggravating injury to a pre-existing condition. Plaintiff contends that expert testimony is not necessary in this case, but that even if it is, the testimony of Drs. Nurbhai and Floyd create a jury question.

Inasmuch as the motor vehicle accident at issue occurred in Georgia, Georgia's substantive tort law applies in this diversity action. *Carlson v. FedEx Ground Package System, Inc.,* 787 F.3d 1313, 1326 (11th Cir. 2015). Under Georgia law, Plaintiff must prove "by a preponderance of the evidence that [Defendant Pabon] had a legal duty to conform to a certain standard of conduct so as to protect others from an unreasonable risk of harm; that [Defendant] breached this standard; that [Plaintiff] suffered a loss or damages as a result of [Defendant's] breach of [her] legal duty; and that there was a legally attributable causal connection between [Defendant's] conduct and the resulting injury." *Redmon v. Daniel,* 335 Ga. App. 159, 162, 779 S.E.2d 778, 781-81 (2015). "[T]o prove causation, the plaintiff must show that the wrongdoing is both a cause in fact and a proximate cause of the injuries [alleged]." *Strength v. Lovett,* 311 Ga. App. 35, 40, 714 S.E.2d 723, 728 (2011).

In general, a plaintiff need not introduce expert evidence to establish causation in a negligence case. *Cowart v. Widener,* 287 Ga. 622, 697 S.E.2d 779, 781 (2010). "However, expert testimony is required where a 'medical question' involving truly *specialized* medical knowledge (rather than the sort of medical knowledge that is within common understanding and experience) is needed to establish a causal link between the defendant's conduct and the plaintiff's injury." *Id.* As Plaintiff has pointed to expert evidence, in combination with other evidence, to establish his claim and rebut Defendants' summary judgment showing, Plaintiff has satisfied the demands of *Cowart*. *See Bruce v. Classic Carrier Inc.,* 2014 WL 1230231 (N.D.Ga. 2014) (noting that even if expert testimony is required, plaintiff may meet his burden on summary judgment by presenting a combination of expert testimony and other evidence); *Rodrigues v. Georgia Pacific Corp.,* 290 Ga. App. 442, 661 S.E.2d 141 (2008); *cf. Allstate Insurance Co. v. Sutton,* 290 Ga.

App. 154, 160, 658 S.E.2d 909 (2008) (plaintiff's failure to point to any expert testimony establishing a causal link between medical condition and defendants' alleged negligence meant that defendants were entitled to summary judgment; question of link between defendants' actions and plaintiff's injury was beyond common knowledge and experience).

Plaintiff's evidence, in the form of expert testimony that his wrist injury could have been an aggravation of a preexisting but dormant condition and witness testimony that Plaintiff had not complained of or suffered pain in the wrist prior to the October 2018 accident, creates a genuine issue of material fact, from which a jury might determine that at the time of the accident Plaintiff suffered from a dormant infirmity which was aggravated and made worse by the accident. *See Cooper v. Marten Transport, Ltd.,* 539 F. A'ppx 963, 968 (11th Cir. 2013) ("Whether [plaintiff] suffered new or aggravated back problems shortly after a low-speed collision with a tractor trailer is the type of question a lay jury could decide based on common knowledge. Furthermore, while Appellees presented evidence that the [plaintiff's] injuries may have been the result of preexisting conditions or the 2009 collision, such evidence created a dispute of material fact that the district court was not authorized to resolve at the summary judgment stage."); *Bruce,* 2014 WL 1230231.

Accordingly, Defendants' Motion for Partial Summary Judgment is **DENIED**. (Doc. 14).

**SO ORDERED**, this 20th day of July, 2020.

                                        s/ *Thomas Q. Langstaff*
                                        **UNITED STATES MAGISTRATE JUDGE**